SCHOTT, Judge.
From a judgment in favor of Mr. and Mrs. Herman Pierre for damages and medical expenses incurred by them in connection with injuries sustained by Mrs. Pierre, defendants Fireman’s Fund Insurance Company and Bevelyn D. Landry, have appealed. Bevelyn D. Landry, the alleged tortfeasor, was uninsured and Fireman’s Fund was the uninsured motorist carrier of the plaintiffs. The judgment appealed from was also in favor of Fireman’s Fund on its third party call for indemnification against Bevelyn D. Landry. The trial judge made the following findings of fact:
“At about 7:50 a. m. on March 5, 1973, plaintiff was walking in a downstream direction on the sidewalk adjacent to La. 18 at Lucy, Louisiana, in this parish. It had rained during the night and morning and was still drizzling. She found the sidewalk covered with water so she retraced her steps, found a bridge and went onto La. 18 where shortly thereafter she was struck by defendant Landry’s vehicle.
“Accepting the testimony of Landry and Cambre as to the facts, we find that defendant Landry was traveling in a downstream direction with no impairment of vision and at a speed of 30 to 40 miles per hour. She was negotiating a slight S-curve that did not obstruct vision in the downstream direction when she saw plaintiff in the middle of the road some 40 feet ahead of her vehicle.
“Plaintiff attempted to get off the roadway and defendant Landry applied her brakes. The car skidded on the wet road and struck plaintiff before she could get off the roadway.
“Albeit the flooded sidewalk forced plaintiff to move onto the roadway, she was negligent in placing herself in such a perilous position. Equally negligent was defendant Landry in failing to maintain such a lookout that, with good visibility ahead and no obstacles to such visibility, she failed to see plaintiff in the roadway until she was 40 feet away from plaintiff.
“Plaintiff attempted to extricate herself from the perilous position to no avail. However, defendant Landry, had she maintained a proper lookout, could and should have seen the dangerous position of plaintiff in sufficient time and within sufficient distance to have avoided striking plaintiff. Defendant Landry had the last clear chance to avert the accident.”
Plaintiffs have the burden of proof that defendant was negligent. The trial judge’s affirmative determination in this regard consisted of a finding that she failed to see what she should have seen, namely, the plaintiff in the highway ahead of her in sufficient time and at a sufficient distance to avoid the accident. Because we do not find evidence in the record which supports this finding, we reverse.
Plaintiff’s testimony was that she at no time went on the highway, but at all times was walking on the shoulder of the road. Mrs. Cambre, who was traveling in her *556 own automobile about three car lengths behind defendant, testified that plaintiff appeared to be crossing the road when she first saw plaintiff at approximately the time when defendant first put on her brakes and that plaintiff then turned around and attempted to run back across the road to avoid being struck by defendant. The evidence does not show that plaintiff was on the road for any appreciable amount of time before she was struck, but, on the contrary, indicates with equal probability that she suddenly entered the road in the face of defendant’s oncoming vehicle.
This was a 60 mile per hour speed zone so that defendant was traveling well within the speed limit when she first noticed plaintiff in the road ahead of her.
The judgment appealed from is reversed and there is judgment in favor of defendants, Bevelyn D. Landry and Fireman’s Fund Insurance Company, dismissing the claim of plaintiffs at their cost. The third party demand of Fireman’s Fund Insurance Company is likewise dismissed at plaintiffs’ cost.
REVERSED AND RENDERED.